No. 23,039.

H. O. HUNTER, *Appellee,* v. G. A. BUCHHEIM, *Appellant.*

SYLLABUS BY THE COURT.

BANK CHECK—*Action Thereon—Defense of Fraud—Instructions.* The proceeding in an action to recover from the drawer of a bank check, examined, and *held,* instructions relating to fraud in procuring the check and to want of consideration, were not erroneous.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 12, 1921. Affirmed.

*John J. Riling,* and *Edward T. Riling,* both of Lawrence, for the appellant.

*O. E. Learnard,* and *W. H. Hoffman,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a bank check, from the drawer. Judgment was rendered for the plaintiff, and the defendant appeals.

Execution of the check was admitted, and the defense was that it was procured by fraud and without consideration. The check was given in connection with an application for life insurance, and in payment of the first annual premium on the policy to be issued. Several instruments were signed as a part of the transaction. The defendant testified he did not read the papers, did not have time to read them, and signed them so he could get rid of the plaintiff and go to work. He further testified, however, that after signing the last paper he said to the plaintiff, "Why man, this is a check for two hundred and some dollars." The plaintiff testified the subject matter of the transaction was fully explained to the defendant, who said,

he understood it, the various papers were handed to the defendant for signature one by one, and he was told to look them over. A portion of the plaintiff's testimony regarding the check is abstracted as follows:

"Appellant stated that he did not have a check book, and asked appellee if he had one on the Lawrence National bank. Appellee said he did not, but that he had some customers' drafts, and that he looked in his pockets, where he found one, and that he filled it out in accordance with appellant's directions, on the Lawrence National Bank."

, The evidence relating to representations inducing execution of the papers was equally conflicting, and the court submitted the case to the jury under the following instructions:

"Now, as to the first, gentlemen, he claims that he signed this check with other papers upon a representation made to him by Hunter that the fact that he had signed them would influence other men of high standing in the community and assist Mr. Hunter in getting business. That would not constitute a fraud, gentlemen. Whatever else might be said of it, it wouldn't be a fraud. Second, if I understand the answer, he says that Mr. Hunter advised him that if he would sign the papers, they wouldn't bind him; that they would create no financial responsibility. If Mr. Buchheim signed this check knowing what it purported to be, a check upon a bank in the city of Lawrence, it does create a financial responsibility, and any statement on the part of Hunter that it did not would not be a fraud, if Mr. Buchheim knew what he was signing when he signed it.

"Passing to the question of lack of consideration, it seems, gentlemen, from the testimony here, that that check was given as an advance payment for a proposed life insurance policy to be issued by a company to him and for stock in the company. I think I may say, gentlemen, that before a policy of life insurance can issue, the applicant must pass a satisfactory physical examination. If he declined to be examined after giving this check, knowing what the check was and what it was for, if he declined to be examined and thereby put it beyond the power of Mr. Hunter or his company to issue a policy, he would not be in a position to set up as a defense that he received no policy, hence received no consideration; provided always that a fair opportunity was given him to be examined."

The defendant cites cases in which instruments were signed without reading and without knowledge of their true character, because of false representations respecting their contents, and makes the following criticism of the instruction relating to fraud:

"The trial court confused this case with one where a note is executed by a person with a full knowledge that it is a note, and when the action

is brought upon the instrument for the recovery of the amount due, that then the party attempts to make the defense that at the time the note was executed the understanding was that he was not to pay it. This matter has been before this honorable court a number of times, and in a case of this sort, the court held, and rightly so, that the party who executed the note, under those circumstances, should pay it."

The criticism is ill-founded, because the instruction made recovery by the plaintiff depend specifically on whether or not the defendant signed the check knowing what it was.

The instruction relating to consideration is criticised, on the ground the defendant withdrew his application before it was accepted. No defense of that character was pleaded, and no instruction relating to such a defense was requested.

The judgment of the district court is affirmed.